IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$782,893.49 IN UNITED STATES CURRENCY,

    Defendant.

_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

COMES NOW the United States of America, by and through United States Attorney John D. Walsh and Assistant United States Attorney Martha A. Paluch, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), and states:

### JURISDICTION AND VENUE

1. The United States of America (the United States) has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. § 981(a)(1)(C), seeking forfeiture of the defendant property involved in violations of a Federal health care offense, 18 U.S.C. § 1347, and wire fraud, 18 U.S.C. § 1343. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper under 28 U.S.C. §1395, as the defendant property is located, and certain of the acts described herein occurred, in the District of Colorado.

1

## DEFENDANT PROPERTY

3. Defendant property is described as: $782,893.49 in United States Currency, seized on May 9, 2011, from BBVA/Compass Bank Account Number 2527211657 in the name of A Plus Billing, Inc., pursuant to a federal Seizure Warrant, District of Colorado Case Number 11-mc-0034 ("defendant Funds"). Defendant Funds are currently being held by the United States Marshals Service in Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

## BACKGROUND

4. The Medicare program is a federally funded health insurance program. Congress established the Medicare program in 1965 as Title XVIII of the Social Security Act. The Centers for Medicare and Medicaid Services (CMS), an agency of the United States Department of Health and Human Services (HHS), administers the Medicare program. Medicare consists of Part A (hospital insurance) and Part B (supplemental medical insurance). Medicare Part A provides coverage for inpatient hospitalization, skilled nursing facilities, and home health care. Medicare Part B provides coverage for medical services and supplies typically delivered in an outpatient setting, including services rendered by physicians, psychiatrists and psychologists, as well as physical, speech, respiratory, and occupational therapists. Medicare Part B also covers laboratory testing and services ordered by authorized health care providers.

5.      The benefits covered by the Medicare Part B Program include medical and other health services as provided under 42 U.S.C. § 1395k(a)(2)(B) and as defined by 42 U.S.C. § 1395x(s).

6.      Reimbursement for Medicare claims is made by the United States through HHS.  HHS, through CMS, assigns the task of paying Part B claims from the Medicare Trust Fund to private insurance carriers pursuant to 42 U.S.C. § 1395u.  CMS contracts with numerous private insurance organizations to process and pay Medicare claims and conduct program integrity activities.

7.      TrailBlazer Health Enterprises is the contractor which processes claims for Colorado Medicare Part A and Part B services.  TrailBlazer makes payments to Medicare providers for reasonable and necessary medical services from federal funds allocated for that purpose.

8.      Health Integrity is one of several Zone Program Integrity Contractors (ZPIC) hired by CMS to perform Medicare program integrity functions, including support to Health and Human Services/Office of the Inspector General/Office of Investigations (HHS/OIG/OI), relating to allegations of fraud, waste or abuse within the Medicare program.

9.      Medical and other health services are reimbursable under Part B of the Medicare Program only if the services provided are reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.  Medicare regulations impose a duty on any person or company seeking reimbursement not to make false statements or misrepresentations of material facts concerning requests for payment under Medicare.

10. When a provider submits electronic or paper claims to CMS for payment on the Health Insurance Claim Form, Form CMS-1500, they attest by their signature to the following:

*"I certify that the services shown on this form were medically indicated and necessary for the health of the patient and were personally furnished by me or were furnished incident to my professional service by my employee under my immediate personal supervision, except as otherwise expressly permitted by Medicare regulations.  NOTICE: Anyone who misrepresents or falsifies essential information to receive payment from Federal funds requested by this form may upon conviction be subject to fine and imprisonment under applicable Federal laws."*

11. Law enforcement is aware of a common fraud scheme which is currently being used to steal money from the Medicare program, termed "Medical Provider Identity Theft."  Medical Provider Identity Theft is generally when criminals use the medical provider number of a legitimate doctor or other provider without their knowledge or consent to submit fraudulent claims to a health insurance provider.  The entities engaging in these schemes are also known as False Front Providers (FFP).

## **MEDICARE FRAUD SCHEME: A PLUS BILLING, INC.**

12. In this case, unknown individual(s) operating as "A Plus Billing, Inc." stole the identity of Colorado physician Dr. Louis C. Cabiling and filed fraudulent documentation with Trailblazer Health Enterprises, which documentation listed Dr. Cabiling as the practitioner who was allegedly performing the medical services being billed to Medicare.  In A Plus Billing, Inc.'s Medicare Enrollment Application, Electronic

Funds Transfer Authorization Agreement, A Plus Billing, Inc. directed Medicare to deposit claim payments into BBVA/Compass Bank account number 2527211657.

13. In April 2011, Special Agent Charles Klein of the United States Department of Health and Human Services (HHS), Office of the Inspector General learned that A Plus Billing, Inc. had been paid approximately $800,000.00 from Medicare. Specifically, A Plus Billing, Inc. had submitted bills for certain services including MRI, allergy, and EKG testing being done at the office of A Plus Billing, Inc., located at 600 17th Street, Suite 2800 South, Denver, Colorado, as well as for numerous face to face visits, all allegedly performed by Dr. Louis C. Cabiling, who resides and practices exclusively in Pueblo, Colorado.

14. On April 29, 2011, HHS Special Agent Charles Klein attempted to telephonically contact Louis C. Cabiling, MD at his office. Sean Cabiling, the adult son of Dr. Cabiling, answered the phone and advised Special Agent Charles Klein that he was accepting calls on his father's behalf and could answer any business questions. Mr. Cabiling stated that his father was a physician who specialized in physical therapy and rehabilitation and worked only in the Pueblo, Colorado area, not in Denver, Colorado, and that his father was not contracted with any clinical laboratories in Denver. After this conversation, HHS Special Agent Charles Klein advised Health Integrity that the payments to A Plus Billing, Inc. should stop.

15. On May 2, 2011, Special Agent Charles Klein visited the office of A Plus Billing, Inc., located at 600 17th Street, Suite 2800 South, Denver, CO 80202. Special Agent Charles Klein observed that this was the business location for "Your Office Denver." An employee of "Your Office Denver" stated that A Plus Billing, Inc. was an

active client that only received mail, and had their phone answered by a receptionist at this address.  There was no physical office space for A Plus Billing, Inc. located at this address, as it was a virtual office.  The client file for A Plus Billing, Inc. showed the business was listed under the name of Aliya A. Valeeva, and that A Plus Billing, Inc. paid approximately $150.00 per month in "rent."  Investigators have been unable to locate Ms. Valeeva; in fact, United States Immigration records indicate that she has not been in the United States since 2006.

16. In total, from approximately February 23, 2011, through May 9, 2011, Medicare paid $1,838.294.27 to A Plus Billing, Inc., which had been deposited into BBVA/Compass Bank account number 2527211657.

17. Based in part on the facts contained herein, a Civil Seizure Warrant (District of Colorado Case No. 11-mc-0034) was obtained and executed for A Plus Billing, Inc.'s BBVA/Compass Bank account number 2527211657.  Defendant $782,893.49 in United States Currency was seized as proceeds traceable to a violation of a Federal health care offense in violation of 18 U.S.C. § 1347, and wire fraud in violation of 18 U.S.C. § 1343.

## **CONCLUSION**

18. Based on the information stated herein, there is probable cause to believe that unknown individual(s) have stolen the identity of Colorado physician Dr. Louis C. Cabiling, and that these same unknown individual(s), through A Plus Billing, Inc., have submitted and been paid at least $1,838,294.27 worth of fraudulent Medicare billings. By submitting fraudulent claims for medical services to the Medicare program, the unknown individual(s) have engaged in a health care fraud scheme to commit the

following offenses, among others: Title 18, United States Code, Section 1347 (Health Care Fraud) and Title 18, United States Code, Section 1343 (Wire Fraud).

<u>VERIFICATION OF ASHLEY D. SCHROER, SPECIAL AGENT</u>
<u>FEDERAL BUREAU OF INVESTIGATION</u>

I, FBI Special Agent Ashley D. Schroer, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

s/ Ashley D. Schroer<br>
ASHLEY D. SCHROER, Special Agent<br>
Federal Bureau of Investigation

STATE OF COLORADO        )
CITY AND                 )ss.
COUNTY OF DENVER         )

The foregoing VERIFIED COMPLAINT FOR FORFEITURE *IN REM* was sworn to and subscribed before me this 6th day of October, 2011, by Ashley D. Schroer, Special Agent, Federal Bureau of Investigation.

My Commission Expires 6/15/2014        s/ Nicole C. Davidson
                                        Notary Public, State of Colorado

<u>FIRST CLAIM FOR RELIEF</u>

19. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

20. By the foregoing and other acts, defendant $782,893.49 in United States Currency constitutes or is derived from proceeds traceable to a violation of a Federal health care offense in violation of 18 U.S.C. § 1347, and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

7

## SECOND CLAIM FOR RELIEF

21. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

22. By the foregoing and other acts, defendant $782,893.49 in United States Currency constitutes or is derived from proceeds traceable to a violation of wire fraud in violation of 18 U.S.C. § 1343, and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, the United States prays for entry of a final order of forfeiture for defendant $782,893.49 in United States Currency in favor of the United States, that the United States be authorized to dispose of the property in accordance with law, that the Court enter a finding of probable cause for the seizure of the property, and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 6th day of October, 2011.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By: s/ *Martha A. Paluch*
Martha A. Paluch
Assistant United States Attorney
1225 Seventeenth Street, Ste. 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: martha.paluch@usdoj.gov
*Attorney for Plaintiff*